FILED
98 APR 22 PM 3:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 2 2 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

In the Matter of:            )
                             )   CASE NO: 97-82565-JAC-7
LORRIE CAROLINE JACKSON,     )
                             )
     Debtor.                 )
_____ )
                             )
UNITED STATES AID FUNDS, INC.,)  APPEAL NUMBER
                             )   CV-98-C-0172-NE
     Appellant,              )
                             )
v.                           )   (Adv. Pro. No: 97-80263)
                             )
LORRIE CAROLINE JACKSON,     )
                             )
     Appellee.               )
_____ )

## MEMORANDUM OPINION

United Student Aid Funds, Inc. ("Appellant"), has appealed from a final order of the United States Bankruptcy Court entered on November 6, 1997. The issue on appeal is whether the bankruptcy court erred in holding that Lorrie Caroline Jackson's ("Appellee") student loan was dischargeable under the Bankruptcy Code as an undue hardship. Upon consideration of the record, this Court concludes that the decision of the bankruptcy court is due to be affirmed.

I.

District courts sit as appellate courts when reviewing decisions of a bankruptcy court. *See* U.S.C. § 1858. As such, factual findings of a bankruptcy court are accorded great deference and will not be set aside unless clearly erroneous. Conclusions of

1

law reached by a bankruptcy court, however, are reviewed *de novo*. See, *e.g.*, *In re Calvert*, 907 F.2d 1069, 1071 (11th Cir. 1990).

## II.

Jackson filed a Chapter 7 bankruptcy petition on July 9, 1997, in the United States Bankruptcy Court for the Northern District of Alabama. She included in her petition a debt owed to A.M. Miller & Associates[1] for a student loan in the approximate amount of $10,000. She sought to discharge the debt on the grounds that its repayment would result in an undue hardship.

The case proceeded to trial. The bankruptcy court subsequently found the debt to be dischargeable as an undue hardship pursuant to 11 U.S.C. § 523(a)(8)(B).

On November 14, 1997, United filed its Notice of Appeal.

## III.

At the time of the trial, Jackson was twenty-seven (27) years old and the mother of a young child who lives with her.[2] She was unemployed, having been laid off her last job on October 18, 1997. She lived in government housing and was receiving Medicaid for herself and her son. Her only income for the month of November, 1997 was $107.00 in food stamps. She was not receiving child support from the child's father.

---

[1] On October 1, 1997, United Student Aid Funds, Inc. ("United"), replaced A.M. Miller & Associates as the real party defendant.

[2] Jackson gave birth to a second child, who has now been adopted by Jackson's mother in order to better provide for the child.

2

Jackson has sought employment with seven or eight temporary employment agencies. She has been unsuccessful in securing a job. She goes job hunting two to three times per week, but she is hampered by a lack of transportation. Her four theft convictions are also an impediment to her finding a job.

Jackson last worked as an inspector with a gross income of $500 to $800 per month. She earned between $6,000 to $10,000 in 1994. She earned approximately $7,000 in 1995, and only $1,400 in 1996. She has previously been employed as a secretary, an assembly line worker, and a bartender.

Jackson made at best a couple of payments on her student loan. She was no longer able to make payments after she returned to school. She did, however, make several efforts to obtain deferments and forbearances.

IV.

11 U.S.C. § 523(a)(8)(B)[3] does not authorize the discharge of a student loan "unless . . . excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." The Eleventh Circuit has not articulated the elements

---

[3] 11 U.S.C. § 523(a)(8)(B) provides that:
(a) A discharge . . . does not discharge an individual debtor from any debt-
. . . .
(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless-
. . . .
(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents. . . .

3

of "undue hardship" under the statutory provision. However, the most frequently cited test, and the one relied on by the bankruptcy court in the present case, was set out in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987).

The *Brunner* test requires the debtor to prove each of the following elements:

> (1) that the debtor cannot maintain, based on current income and expenses, a `minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Id.*

### A.

"The first prong of *Brunner* requires an examination of the debtor's current financial condition to see if payment of the loans would cause her standard of living to fall below that minimally necessary." *In re Roberson*, 999 F.2d 1132, 1135 (7th Cir. 1993).

The bankruptcy court found that Jackson lives at or below the poverty level. She relies almost entirely on public assistance programs, and her earnings are modest. The bankruptcy court's ultimate finding that Jackson's financial condition prevents her from simultaneously maintaining a minimal standard of living for herself and her child and making payments on the student loan is abundantly supported by the evidence.

4

B.

The second prong of the *Brunner* test does not require an examination of circumstances as they might exist over the entire repayment period. Instead, the factfinder should focus on whether the debtor's financial problems will continue over a significant portion of the repayment period. *See Mayer v. Pennsylvania Higher Educ. Assistance Agency (In re Mayer)*, 198 B.R. 116, 126 (Bankr. E.D. Pa. 1996)(court held that five years was far enough into the future).

Of course, any prediction of future earnings is necessarily speculative. Who knows what the future may hold for Jackson? She may "unexpectedly obtain a high-paying job, win the state lottery, or meet and marry a professional [athlete]." *Id.*

While we must guess about her future finances, we know of a certainty that Jackson has never obtained secure or lucrative employment in the past. To be sure, Jackson is not totally bereft of all employment potential. But indubitably, her employment horizon is ominously clouded. She is a single mother of a toddler. She has no apparent means of transportation to and from a job. She has minimal skills. She has <u>four</u> theft convictions. The bankruptcy court correctly found that these clouds are more than temporary. They are more likely to linger for a significant portion of the repayment period.

C.

The third prong of the *Brunner* test, "good faith," is measured by the debtor's efforts to obtain employment, maximize income, and

5

minimize expenses. *See In re Dennehy*, 201 B.R. 1008, 1011-12 (Bankr. N.D. Fla. 1996). Additionally, the factfinder should examine whether an appellee's condition results from "factors beyond h[er] reasonable control." *In re Roberson*, 999 F.2d at 1136.

The record supports the bankruptcy court's finding that Jackson diligently sought employment. The evidence clearly establishes that Jackson has resorted to an extraordinarily frugal lifestyle to maximize her income and minimize her expenses. There is absolutely no evidence that she purchased any luxury items or maintained a lavish lifestyle. Additionally, it is clear that when Jackson became aware that she could no longer make her student loan payments, she acted responsibly and requested several deferments and forbearances.

V.

The bankruptcy court did not clearly err in its findings and conclusion that Jackson's student loan is dischargeable as an undue hardship under § 523(a)(8)(B) of the Bankruptcy Code. Accordingly, the decision is due to be affirmed.

A separate order embodying this conclusion will be entered.

DONE this 22d day of April, 1998.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON